UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMES D. LIBY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 16-cv-1408 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## O R D E R & O P I N I O N

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (Doc. 1) filed by James D. Liby (the "Petitioner").[1] For the reasons stated below, the motion is taken under advisement and the Government is directed to file an answer, motion, or other response on only the first Ground for Relief presented by Petitioner.

### BACKGROUND

Petitioner pled guilty on March 3, 2011 and was ultimately convicted of conspiracy to distribute crack cocaine, methamphetamine and cocaine in violation of 21 U.S.C. §§ 841 and 846 and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841. (Plea Agreement and Judgment, *United States v. Liby*, No. 10-cr-40051 (C.D. Ill. 2011), Docs. 72 and 127). He was sentenced to 324 months for the first offense and 262 months for the second, to run concurrently. (Judgment,

---

[1] Petitioner also filed an account summary with his Motion. Though this information is typically filed with an application to proceed *in forma pauperis*, no filing fee is required for a § 2255 Motion. Thus, Petitioner did not need to file this information and it will be disregarded.

*United States v. Liby*, No. 10-cr-40051 (C.D. Ill. 2011), Doc. 127 at 2). Judgment was entered in his case on June 11, 2012.

## LEGAL STANDARDS

Section 2255 of Title 28 of the United States Code provides that a sentence may be vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "Relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Thus, § 2255 relief is limited to correcting errors of constitutional or jurisdictional magnitude or errors constituting fundamental defects that result in complete miscarriages of justice. *E.g.*, *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994), overruled on other grounds by *United States v. Ceballos*, 26 F.3d 717 (7th Cir. 1994). "A § 2255 motion is not a substitute for a direct appeal." *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003) (citing *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995)).

Generally, a 2255 motion must be filed within one year of the date the judgment against the petitioner became final. 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court... denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). However, sub-paragraph (f)(3) provides that a 2255 motion may be timely

2

if it is brought within one year of the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3).

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires district courts to conduct preliminary reviews of § 2255 motions. The rule states in relevant part: "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

## DISCUSSION

Petitioner purports to bring his first claim under the Fair Sentencing Act of 2010 (the "FSA"). He states:

> I was arrested before November 2010 and sentenced after November 2010. I plead guilty to 50 grams or more, but nothing near 280 grams or more. Based off the plea agreement it only adds up to 42 grams of "crack" cocaine. I don't believe the government can prove 280 grams or more of "crack" cocaine.

(Doc. 1 at 5).

The FSA took effect on August 3, 2010. The drug conspiracy to which Petitioner pled was alleged to have existed until July, 2010. (Plea Agreement, *United States v. Liby*, No. 10-cr-40051 (C.D. Ill. 2011), Doc. 72 at 14). The law in this judicial circuit at the time of Petitioner's sentencing, June 11, 2012, was that the FSA did <u>not</u> apply

3

retroactively to sentences imposed before that Act became effective. *United States v. Bell*, 624 F.3d 803 (7th Cir. Oct. 20, 2010). Not until June 21, 2012, did the United States Supreme Court hold that the FSA applied to criminal defendants whose crimes preceded the effective date of the FSA. *Dorsey v. United States*, 132 S. Ct. 2321. Section 2255(f) provides that § 2255 motions must be filed within one year of the date the judgment against the petitioner became final. 28 U.S.C. § 2255(f)(1). Subparagraph (f)(3) provides that a § 2255 motion may be timely if it is brought within one year of the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Thus, if Petitioner is challenging his conviction based upon the law as announced in *Dorsey*, he had at best, one year after the date *Dorsey* was decided—June 21, 2013—to bring such a claim. The instant motion was filed in October 2015, so it is clearly time-barred.

Even if this Court were to interpret this claim to be a factual challenge to the amounts and calculations that led to Petitioner's Base Offense Level in his Presentence Investigation Report ("PSR"), which was adopted without change by the Court in its decision to sentence Petitioner as it did, it would still be time-barred. The time to challenge the amounts and calculations in the PSR elapsed long ago and there is no basis to revisit this issue now on collateral review. Section 2255(f)(4) applies a one year limitation period that runs from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Petitioner has offered no explanation as to why it has taken seven years for him to recognize that the amounts and calculations in his plea agreement and PSR

are allegedly incorrect.[2] In short, this claim is likely barred by the one year statute of limitations, *see* 28 U.S.C. § 2255(f), or otherwise procedurally defaulted for failure to appeal[3] because the plea agreement explicitly carved out an exception to Petitioner's waiver of appeal to challenge his sentence according the FSA and he failed to do so. (Plea Agreement, *United States v. Liby*, No. 10-cr-40051 (C.D. Ill. 2011), Doc. 72 at 5).

Additionally, Petitioner has not provided any reason why the Court should even consider his current objections to the amounts and calculations to which he previously agreed. He signed and acknowledged the following:

> I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and <u>I agree to it voluntarily and of my own free will</u>. I am pleading guilty because I am in fact guilty, and <u>I agree that the facts stated in this Agreement about my criminal conduct are true</u>. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. <u>I am satisfied with the legal services provided by my attorney. I understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement</u>.

(*United States v. Liby*, No. 4:10-cr-40051-3, Plea Agreement (C.D.Ill.), Doc. 72 at 17 (emphasis added)). Petitioner also admitted and stipulated in the Plea Agreement that the conspiracy involved fifty grams or more of crack cocaine and 500 grams or

---

[2] Petitioner actually objected to the amount of powder cocaine in PSR he felt he was responsible for but withdrew his objection. (Addendum to PSR, *United States v. Liby*, No. 10-cr-40051 (C.D. Ill. 2011), Doc. 129 at 5-6).
[3] Both the statute of limitations and procedural default hurdles the Court has identified are affirmative defenses that can be waived by the Respondent; they are not jurisdictional bars. For that reason and the reasons discussed below, the Court will not summarily dismiss Petitioner's first ground for relief.

5

more of cocaine. (*United States v. Liby*, No. 4:10-cr-40051-3, Plea Agreement (C.D.Ill.), Doc. 72 at 14).

So, Petitioner's first claim seems as if it is doomed. However, this Court has come upon a case that give it reluctance to summarily dismiss this claim. In *United States v. Bailey*, 777 F.3d 904 (7th Cir. 2015), the Seventh Circuit reversed a district court's denial of a *pro se* prisoner's motion for a reduced sentence that it construed to be a § 2255 motion. There, the petitioner pled guilty in 2011 to distributing crack cocaine pursuant to a binding plea agreement subject to Federal Rule of Criminal Procedure 11(c)(1)(C) in which he agreed to a prison sentence of 240 months. *Id.* at 905. The agreement allowed the petitioner to seek to modify his sentence if Congress or the Supreme Court later determined that the FSA should apply to cases like his. *Id.* at 905-06. The petitioner failed to challenge his sentence on direct appeal, yet later filed a *pro se* motion asking for a reduced sentence. *Id.* at 906. The district court denied the motion but the Seventh Circuit reversed, construed the motion as one arising under 28 U.S.C. § 2255, then granted it and vacated petitioner's sentence. *Id.* The Court is unable to determine whether there statute of limitations or procedural default issues at play in *Bailey*. In short, there are quite a few similarities between the facts of this case and *Bailey* such that this Court believes it should not summarily dispose of this particular claim without the benefit of the Government's commentary.

For his second ground, Petitioner seeks retroactive application of Amendment 794 to the Sentencing Guidelines based on his "minor role" relative to his co-defendants in the drug-trafficking offense. (Doc. 1 at 6). This argument fails on its face not only because Petitioner waived future collateral attacks as part of his plea

6

agreement with the Government but also for the reasons discussed by the court in *Young v. United States*, No. 3:16-CV-3139, 2016 WL 4472937, at *2 (C.D. Ill. Aug. 24, 2016). There, the court explained that such relief is not available in collateral proceedings, even though an appellate court from another judicial circuit had recently held USSG § 3B1.2, which provides for a reduced offense level for minor participants in the criminal activity, applies retroactively on <u>direct review</u>. *Id*. citing *United States v. Quintero–Leyva*, 823 F.3d 519 (9th Cir. 2016). Moreover, § 2255 motions are not the proper mechanisms for a defendant to even seek this type of relief. *Id.* at *2 (discussing the proper use of the mechanism available under 18 U.S.C. § 3582).

For his third ground, Petitioner contends that he was wrongly designated a career offender at sentencing because he had only two prior state convictions for possession with intent to deliver and "recent court decisions" have found these convictions are no longer bases for career offender enhancements. (Doc. 1 at 7). Petitioner says "deliver" is not an element of the Illinois statute, but rather just the means of committing the offenses of delivering a controlled substance. He identifies *Mathis* as the legal authority he purports to rely upon for these assertions. The Court takes this reference to be to *Mathis v. United States*, 136 S.Ct. 2243 (U.S. June 23, 2016).

*Mathis* dealt with the analysis of the elements of predicate violent felonies and their generic counterparts under the Armed Career Criminal Act. The case had nothing to do with the definition or meanings ascribed to the term "controlled substance offense" that is found in the career offender guidelines of the United States Sentencing Guidelines, which were applied to the Petitioner to enhance his

sentencing range. (*See* PSR, *United States v. Liby*, No. 10-cr-40051 (C.D. Ill. 2011), Doc. 121 at 13). As such, this argument is baseless.

In his fourth ground for relief, Petitioner argues that his counsel before the trial court was ineffective for failing to argue that 1) the FSA applied to him; 2) the Career Offender enhancement was wrong; and 3) he should have received a minor role adjustment. This claim seems time-barred, but the Court will briefly address the merits of this claim as well.

To succeed on a claim for ineffective assistance of counsel, Petitioner must show both that his counsel's performance was objectively deficient and that he was prejudiced by the deficiency such that the result would have been different without the error. *Strickland v. Washington*, 466 U.S. 668, 687-92 (1984); *see also, e.g., Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000). While Petitioner must satisfy both prongs to succeed on his claim, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. Rather, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

First, as explained above, Petitioner's contention that his career offender enhancement was wrong because of *Mathis* is completely without merit. So he suffered neither ineffective counsel nor prejudice. Even if there have been "recent court decisions" holding that prior convictions for Illinois possession of illegal drugs with intent to deliver are not "controlled substance offenses" as understood by the

8

USSG,[4] he has not presented any argument as to how his trial counsel was ineffective for not anticipating such decisions. The general rule is that counsel are not obligated to anticipate changes in the law. *Shaw v. Wilson*, 721 F.3d 908, 916 (7th Cir. 2013). Although there are circumstances when counsel are obligated to preserve arguments when there are sufficient reasons for them to anticipate impending changes, *id.*, Petitioner has not presented any such circumstances.

Similarly, Petitioner's argument regarding ineffective assistance for not arguing for a minor role adjustment pursuant to Amendment 794 must fail because it also rests upon an unreasonable assumption that counsel should have anticipated changes in the law. The United States Sentencing Commission did not pass Amendment 794 until 2015, three years after Petitioner was sentenced. Petitioner has provided nothing to the Court to support a conclusion that his counsel should have known a change in the minor role adjustment would be forthcoming one day.

Lastly, the Court has already explained that at the time of his sentencing, June 11, 2012, the law in this judicial circuit was that the FSA did not apply retroactively to sentences imposed before that Act became effective. *United States v. Bell*, 624 F.3d 803 (7th Cir. Oct. 20, 2010). Obviously, the *Dorsey* case was before the Supreme Court at the time of the sentencing; that is undoubtedly why Petitioner's Plea Agreement contained an explicit allowance for him to appeal his sentence based upon the FSA. Petitioner never availed himself of that right, and now several years after the fact he wishes to bring this collateral attack on this premise.

Petitioner is unable to establish that he was prejudiced by any alleged

---

[4] Petitioner has not cited any such recent decisions nor has this Court found any.

ineffective assistance of counsel. Again, the general rule is that counsel are not obligated to divine changes in the law but there are times when counsel are obligated to preserve arguments when there are sufficient reasons for them to anticipate impending changes. *Shaw*, 721 F.3d at 916 (7th Cir. 2013). Here, Petitioner's counsel was able to preserve Petitioner's ability to challenge his sentence "in regards to the Court's determination concerning the applicability of the Fair Sentencing Act of 2010 to this case." Thus, he suffered no prejudice from an alleged failure to raise the applicability of the FSA with the Court. Moreover, the issue of the applicability of the FSA was indeed raised with the Court. (*See United States v. Liby*, No. 10-cr-40051 (C.D. Ill. 2011), Doc. 104 (discussing why sentencing should be continued and noting that Defendant preserved the issue of "the application of the FSA to his case within his Plea documentation.")). Under these circumstances, there is no basis to find Petitioner's counsel ineffective or that he was prejudiced.

## CONCLUSION

IT IS THEREFORE ORDERED:

1. Petitioner's second, third and fourth bases for relief are DENIED pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

2. The Clerk SHALL deliver or serve a copy of the Motion (Doc. 1) upon Respondent pursuant to Rule 3(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

3. Respondent SHALL file an answer, motion, or otherwise respond to the Motion within fifty-six (56) days after service of this Order. Respondent should address any

facts which would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's remaining claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

5. Petitioner MAY file a reply to Respondent's response within twenty-eight days of being served with the response.

6. Petitioner SHALL serve upon the United States Attorney's office a copy of every further pleading or other document submitted for consideration by the Court.

Entered this 10th day of November, 2016.

                                                        s/ Joe B. McDade
                                                        JOE BILLY McDADE
                                      United States Senior District Judge