# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

JAMES D. LIBY,     )
          )
  Petitioner,    )
          )
  v.        )  Case No.  16-cv-1408
          )
UNITED STATES OF AMERICA, )
          )
  Respondent.   )

## O R D E R & O P I N I O N

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (Doc. 1) filed by James D. Liby. The motion has been fully briefed. For the reasons stated below, the motion is DENIED.

## BACKGROUND

Liby pled guilty on March 3, 2011 and was ultimately convicted of conspiracy to distribute crack cocaine, methamphetamine and cocaine in violation of 21 U.S.C. §§ 841 and 846 and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841. (Plea Agreement and Judgment, *United States v. Liby*, No. 10-cr-40051 (C.D. Ill. 2011), Docs. 72 and 127). He was sentenced to 324 months for the first offense and 262 months for the second, to run concurrently. (Judgment, *United States v. Liby*, No. 10-cr-40051 (C.D. Ill. 2011), Doc. 127 at 2). Judgment was entered in his case on June 11, 2012.

Liby filed an appeal, which he was expressly allowed to do because his plea agreement explicitly carved out an exception to his waiver of appeal to challenge his

sentence under the FSA. However, he voluntarily dismissed the appeal. (*See* Doc. 13-1, United States v. Liby, No. 12-2454 (7th Cir. 2012)).

On October 24, 2016, Liby filed the instant § 2255 motion raising four separate grounds for resentencing. The Court summarily dismissed three of the four in an Order and Opinion dated November 10, 2016. (*See* Doc. 3). The Court noted that the claim it was requiring the Government to respond to was likely barred by § 2255(f)'s statute of limitations as well as procedurally defaulted. The Government has now shown that this is indeed the case and nothing Liby has presented in his Reply brief can overcome these hurdles.

## LEGAL STANDARDS

Section 2255 of Title 28 of the United States Code provides that a sentence may be vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "Relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Thus, § 2255 relief is limited to correcting errors of constitutional or jurisdictional magnitude or errors constituting fundamental defects that result in complete miscarriages of justice. *E.g.*, *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994), overruled on other grounds by *United States v. Ceballos*, 26 F.3d 717 (7th Cir. 1994). "A § 2255 motion is not a substitute for a direct appeal." *Coleman v. United*

*States*, 318 F.3d 754, 760 (7th Cir. 2003) (citing *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995)).

Generally, a 2255 motion must be filed within one year of the date the judgment against the petitioner became final. 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court... denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). However, sub-paragraph (f)(3) provides that a 2255 motion may be timely if it is brought within one year of the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3).

A petitioner may not generally pursue a claim on collateral review that he failed to raise on direct appeal unless he demonstrates cause and prejudice or that he is actually innocent. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

## DISCUSSION

Liby claims that he should be resentenced under the Fair Sentencing Act of 2010 (the "FSA"). He states:

> I was arrested before November 2010 and sentenced after November 2010. I plead guilty to 50 grams or more, but nothing near 280 grams or more. Based off the plea agreement it only adds up to 42 grams of "crack" cocaine. I don't believe the government can prove 280 grams or more of "crack" cocaine.

(Doc. 1 at 5).

The FSA took effect on August 3, 2010. The drug conspiracy to which Liby pled was alleged to have existed until July, 2010. (Plea Agreement, *United States v. Liby*,

No. 10-cr-40051 (C.D. Ill. 2011), Doc. 72 at 14). The law in this judicial circuit at the time of Liby's sentencing, June 11, 2012, was that the FSA did <u>not</u> apply retroactively to sentences imposed before that Act became effective. *United States v. Bell*, 624 F.3d 803 (7th Cir. Oct. 20, 2010). Not until <u>June 21, 2012</u>, did the United States Supreme Court hold that the FSA applied to criminal defendants whose crimes preceded the effective date of the FSA. *Dorsey v. United States*, 132 S. Ct. 2321. Section 2255(f) provides that § 2255 motions must be filed within one year of the date the judgment against the petitioner became final. 28 U.S.C. § 2255(f)(1). Sub-paragraph (f)(3) provides that a § 2255 motion may be timely if it is brought within <u>one year of the date on which the right asserted was initially recognized by the Supreme Court</u>, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Thus, if Liby is challenging his conviction based upon the law as announced in *Dorsey*, he had at best, one year after the date *Dorsey* was decided—June 21, 2013—to bring such a claim. The instant motion was filed in October 2016, so it is clearly time-barred.

Even if this Court were to interpret this claim to be a factual challenge to the amounts and calculations that led to Liby's Base Offense Level in his Presentence Investigation Report ("PSR"), which was adopted without change by the Court in its decision to sentence Liby as it did, it would still be time-barred. The time to challenge the amounts and calculations in the PSR elapsed long ago and there is no basis to revisit this issue now on collateral review. Section 2255(f)(4) applies a one year limitation period that runs from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Liby has failed to offer any explanation as to why it has taken several years for him to recognize that the amounts and calculations in his plea agreement and PSR are allegedly incorrect.[1]

Instead of offering a plausible explanation, Liby tries to rely on an incorrect premise that Rule 9(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts—which has been substantially amended and thus does not exist as such anymore—requires the Government to make a particularized showing why the passage of time has prejudiced its ability to respond to the claim. (Doc. 8 at 5).[2] The case he cites is from the pre-AEDPA era though. *See United States v. Gutierrez*, 839 F.2d 648, 650 (10th Cir. 1988). Section 2255 has since been amended by AEDPA to include a clear and unambiguous statute of limitations barring claims that have been brought outside the one year limitations period. As was made clear in *United States v. Aguilar*, 90 F.Supp.2d 1152, 1160 (D. Colo. 2000), the particularized showing that Liby attempts to rely on has nothing to do with § 2255(f), but rather with the Government's ability to raise the common law affirmative defense of undue delay. In short, this claim is barred by the one year statute of limitations, *see* 28 U.S.C. § 2255(f), and there is no exception available.

Liby's claim is also procedurally defaulted for his failure to appeal because his

---

[1] Liby actually objected to the amount of powder cocaine in PSR he felt he was responsible for but withdrew his objection. (Addendum to PSR, *United States v. Liby*, No. 10-cr-40051 (C.D. Ill. 2011), Doc. 129 at 5-6).

[2] "Rule 9(a) has been deleted as unnecessary in light of the applicable one-year statute of limitations for Sec. 2255 motions, added as part of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. Sec. 2255, para. 6." Rule 9 of the Rules Governing Section 2255 Proceedings For The United States District Courts, Committee Notes On Rules - 2004 Amendment.

plea agreement explicitly carved out an exception to his waiver of appeal to challenge his sentence under the FSA and he failed to do so. (Plea Agreement, *United States v. Liby*, No. 10-cr-40051 (C.D. Ill. 2011), Doc. 72 at 5). Liby voluntarily dismissed his appeal, and thus he procedurally defaulted this claim. *Jones v. United States*, 248 F.3d 1158 (7th Cir. 2000).

## CONCLUSION

IT IS THEREFORE ORDERED the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (Doc. 1) is DENIED on the grounds that it is time-barred and the Fair Sentencing Act claim is procedurally defaulted.

Entered this <u>6th</u> day of April, 2017.

                              s/ Joe B. McDade
    _____
                 JOE BILLY McDADE
          United States Senior District Judge