UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMES D. LIBY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 16-cv-1408 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## O R D E R

This matter is before the Court on the Motion For Reconsideration (Doc. 11) filed by James D. Liby. The Government has declined to respond to the motion. For the reasons stated below, the motion is DISMISSED as it is actually an unauthorized successive motion under 28 U.S.C. § 2255.

### BACKGROUND

Liby, a federal convicted prisoner, filed a motion under 28 U.S.C. § 2255 in October of 2016 arguing that 1) the drug quantity calculation in his plea agreement and presentence investigation report was incorrect and that he should have been sentenced in accordance with the Fair Sentencing Act of 2010 (the "FSA"); 2) he should have the benefit of retroactive application of Amendment 794 to the Sentencing Guidelines based on his "minor role" relative to his co-defendants in the drug-trafficking offense; 3) he was wrongly designated a career offender at sentencing because he had only two prior state convictions for possession with intent to deliver and "recent court decisions" had found these convictions were no longer bases for career offender enhancements; and finally 4) his sentencing counsel was

constitutionally ineffective. The Court summarily dismissed three of the four claims because it was readily apparent from the face of the § 2255 motion and the applicable law that the claims could not succeed. However, the Court ordered the Government to respond to the first claim out of an abundance of caution. With the benefit of the Government's briefing, the Court found that Liby's FSA was barred by § 2255(f)'s statute of limitations as well as procedurally defaulted. (See Doc. 9 at 6).

Liby pled guilty on March 3, 2011 and was ultimately convicted of conspiracy to distribute crack cocaine, methamphetamine and cocaine in violation of 21 U.S.C. §§ 841 and 846 and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841. (Plea Agreement and Judgment, United States v. Liby, No. 10-cr-40051 (C.D. Ill. 2011), Docs. 72 and 127). He was sentenced to 324 months for the first offense and 262 months for the second, to run concurrently. (Judgment, United States v. Liby, No. 10-cr-40051 (C.D. Ill. 2011), Doc. 127 at 2). Judgment was entered in his case on June 11, 2012. Liby filed an appeal, which he was expressly allowed to do because his plea agreement carved out an exception to his waiver of appeal to challenge his sentence under the FSA. However, he voluntarily dismissed the appeal. (See Doc. 13-1, United States v. Liby, No. 12-2454 (7th Cir. 2012)).

## DISCUSSION

### I. The Motion For Reconsideration Is Improper And Shall Be Dismissed.

Liby claimed that he should be resentenced under the Fair Sentencing Act of 2010 (the "FSA"). He stated:

> I was arrested before November 2010 and sentenced after November 2010. I plead guilty to 50 grams or more, but nothing near 280 grams or more. Based off the plea agreement it only adds up to 42 grams of "crack" cocaine. I don't believe the government can prove 280 grams or more of

2

"crack" cocaine.

(Doc. 1 at 5).

The FSA took effect on August 3, 2010. The drug conspiracy to which Liby pled was alleged to have existed until July, 2010. (Plea Agreement, <u>United States v. Liby</u>, No. 10-cr-40051 (C.D. Ill. 2011), Doc. 72 at 14). The law in this judicial circuit at the time of Liby's sentencing, June 11, 2012, was that the FSA did <u>not</u> apply retroactively to sentences imposed before that Act became effective. <u>United States v. Bell</u>, 624 F.3d 803 (7th Cir. Oct. 20, 2010). Not until <u>June 21, 2012</u>, did the United States Supreme Court hold that the FSA applied to criminal defendants whose crimes preceded the effective date of the FSA. <u>Dorsey v. United States</u>, 132 S. Ct. 2321. Section 2255(f) provides that § 2255 motions must be filed within one year of the date the judgment against the petitioner became final. 28 U.S.C. § 2255(f)(1). Sub-paragraph (f)(3) provides that a § 2255 motion may be timely if it is brought within <u>one year of the date on which the right asserted was initially recognized by the Supreme Court</u>, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Thus, the Court found that if Liby was challenging his conviction based upon the law as announced in <u>Dorsey</u>, he had at best, one year after the date <u>Dorsey</u> was decided—June 21, 2013—to bring such a claim. The instant motion was filed in October 2016, so it was clearly time-barred.

The Court also found that even if it were to interpret Liby's claim to be a factual challenge to the amounts and calculations that led to Liby's Base Offense Level in his presentence investigation report, which was adopted without change by the Court in its decision to sentence Liby as it did, it would still be time-barred. The time to

3

challenge the amounts and calculations in the presentence investigation report elapsed long ago and there was no basis to revisit this issue now on collateral review. Section 2255(f)(4) applies a one year limitation period that runs from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Liby failed to offer any explanation as to why it took him several years to recognize that the amounts and calculations in his plea agreement and presentence investigation report were allegedly incorrect.

Instead of offering a plausible explanation, Liby relied on an incorrect premise on an outdated version of Rule 9(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.[1] The case he cited was from the pre-AEDPA era though. See United States v. Gutierrez, 839 F.2d 648, 650 (10th Cir. 1988). Section 2255 has since been amended by AEDPA to include a clear and unambiguous statute of limitations barring claims that have been brought outside the one year limitations period. As was made clear in United States v. Aguilar, 90 F.Supp.2d 1152, 1160 (D. Colo. 2000), the particularized showing that Liby attempted to rely on had nothing to do with § 2255(f), but rather with the Government's ability to raise the common law affirmative defense of undue delay. Consequently, the Court did not err in finding Liby's claim was barred by the one year statute of limitations, *see* 28 U.S.C. § 2255(f), and there is no exception available.

Liby now claims a change in subsequent law has rendered the Court's ruling

---

[1] "Rule 9(a) has been deleted as unnecessary in light of the applicable one-year statute of limitations for Sec. 2255 motions, added as part of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. Sec. 2255, para. 6." Rule 9 of the Rules Governing Section 2255 Proceedings For The United States District Courts, Committee Notes On Rules - 2004 Amendment.

on his § 2255 motion incorrect. This claim is without merit. As an initial matter, a motion arguing that a subsequent change in substantive law justifies relief from the previous denial of a claim is not a proper Rule 60(b) motion; it is instead a mislabeled second or successive § 2255 motion. Gonzalez v. Crosby, 545 U.S. 524, 530–32 (2005). And a second or successive § 2255 motion that is not properly authorized by the Court of Appeals is not capable of being heard, ruled upon or otherwise adjudicated in the district court. Id., 28 U.S.C. §§ 2244(b)(3) and 2255(h). Liby contends the Supreme Court ruling in Hicks v. United States, 137 S.Ct. 200 (U.S. June 26, 2017), dictates that this Court's April, 2017 Order and Opinion was wrong. To the extent Liby relies on new law, he is clearly bringing a new claim, not merely taking issue with this Court's prior treatment of his claim. He cannot bring a new claim without proper certification from the Circuit Court of Appeals.

Secondly, Hicks is not even applicable to this matter. Hicks dealt with a defendant's motion to withdraw a plea of guilt. It had nothing to do with a § 2255 motion and habeas law. Moreover, unlike here, there was no issue of a statute of limitations barring the claim in the Hicks case. Here, the Court squarely ruled the claim is unable to be reached because of the AEDPA's statute of limitations.

To be fair, the Court did also find that Liby's claim was procedurally defaulted because he failed to appeal. Arguably, Hicks could have some impact on that minor aspect of the Court's April 2017 Order. But in light of the fact that this Court's Order also hinged on Liby's failure to submit a timely § 2255 motion, and that Hicks is not a case dealing with law under § 2255 or statutes of limitation, it is not enough to warrant reconsideration.

## II. No Certificate Of Appealability Shall Issue.

Because the Court has found this motion to be an unauthorized second or successive § 2255 motion, the Court must determine whether to issue a certificate of appealability. Sanchez–Rengifo v. Caraway, 798 F.3d 532, 535 n. 3 (7th Cir. 2015).

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. A "substantial showing" is met when a "reasonable jurist could debate whether (or, for that matter, agree that) the petition should be resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " Slack v. McDaniel, 529 U.S. 473, 484 (2000) (omitting citations). A petitioner need not show that the appeal will succeed, but he must show " 'something more than the absence of frivolity' or the existence of mere 'good faith' " on his part. Miller–El v. Cockrell, 537 U.S. 322, 337–38 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

Consistent with the discussion above, the Court finds that no reasonable jurists would differ on the Court's treatment of the instant motion. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

IT IS THEREFORE ORDERED this Motion For Reconsideration (Doc. 11) is DISMISSED as an unauthorized second or successive Motion Under 28 U.S.C. § 2255

to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody. No certificate of appealability shall issue.

Entered this <u>2nd</u> day of February, 2018.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge

7